# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. ROBERT HUNTER BIDEN *Defendant.* | ) ) ) ) Criminal Action No. 23-mj-00274-MN ) ) ) ) ) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN AID OF PLEA HEARING

**HALLORAN FARKAS + KITTILA LLP**

Theodore A. Kittila (No. 3963)
William E. Green, Jr. (No. 4864)
5801 Kennett Pike, Suite C/D
Wilmington, Delaware 19807
Phone: (302) 257-2025
Fax: (302) 257-2019
Email: tk@hfk.law / wg@hfk.law

Dated: July 25, 2023

*Counsel for Amicus Curiae the Honorable Jason Smith, Member of the U.S. House of Representatives and Chair of the U.S. House of Representatives Committee on Ways and Means*

The Honorable Jason Smith, Member of Congress and Chair of the U.S. House of Representatives Ways and Means Committee (the "Committee Member"), respectfully submits this brief in support of his motion for leave to file an *amicus curiae* brief in aid of the plea hearing of Robert Hunter Biden ("Defendant") scheduled for July 26, 2023, at 10:00 a.m. before District Court Judge Maryellen Noreika. The proposed *amicus* brief is attached as **Exhibit A** and a proposed order is submitted herewith.

## I. BACKGROUND ON *AMICUS*.

The U.S. House of Representatives Ways and Means Committee (the "Committee") is the oldest committee of the United States Congress, and is the chief tax-writing committee in the House of Representatives. The Committee Member is the Chair of the Committee. The Committee derives a large share of its jurisdiction from Article I, Section VII of the U.S. Constitution which declares, "All Bills for raising Revenue shall originate in the House of Representatives."

First established as a select committee on July 24, 1789, it was discharged less than two months later. The Committee was reappointed from the first session of the Fourth Congress in 1795, and was formally listed as a standing committee in the House Rules on January 7, 1802.

Until 1865, the jurisdiction of the Committee (referred to as the Committee of Ways and Means before 1880) included the critically important areas of revenue,

appropriations, and banking. Since 1865, the Committee has continued to exercise jurisdiction over revenue and related issues such as tariffs, reciprocal trade agreements, and the bonded debt of the United States. Revenue-related aspects of the Social Security system, Medicare, social services programs, and ensuring that the tax code is enforced fairly, have come within the Committee's purview in the 20th century.[1]

## II. LEGAL STANDARD.

The decision to grant or deny an appearance as *amicus curiae* in a federal district court is entirely within the court's discretion. *United States v. Alkaabi*, 223 F. Supp. 2d 583, 592 (D.N.J. 2002). When considering a motion to appear as *amicus curiae*, district courts in the Third Circuit are guided by its application of Federal Rule of Appellate Procedure 29, which governs the appearance of *amici* in federal appellate courts. *In re Weinstein Co. Holdings, LLC*, 2020 WL 1320821, at *1 n.3 (D. Del. Mar. 20, 2020) (citing *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.)). Because Federal Rule of Appellate Procedure 29(a)(2) provides in relevant part that "[t]he United States or its officer or agency or a state may file an amicus brief without the consent of the parties or leave of court," the motion should be granted. Courts in this Circuit and others have frequently

---

[1] https://waysandmeans.house.gov/about/ (last visited Jul. 22, 2023).

granted motions for leave to file *amicus curiae* briefs in criminal actions. *See, e.g.*, Order Granting Motion for Leave to File Brief Amicus Curiae, *United States v. Roland*, Crim. No. 12-298 (S-2) (ES) (D. NJ. Oct. 25, 2016) (D.I. 251); Order Granting Motion for Leave to File Amicus Curiae Letter Brief, *United States v. The Boeing Company*, Crim. No. 4:21-CR-5-0 (N.D. Tex. Apr. 28, 2022) (D.I. 88).[2]

Additionally, Courts in the District of Delaware consider whether a movant has demonstrated the factors enumerated by Federal Rule of Appellate Procedure 29; that is, whether "under the most lenient standard, (1) the movant has an adequate interest in the [case]; (2) the information supplied is desirable; and (3) the information being provided is relevant." *In re Weinstein Co. Holdings*, 2020 WL 1320821, at *1 n.3. "Courts will deny leave in instances where the arguments and facts in the brief are patently partisan, are untimely, and where the litigant is competently and adequately represented." *Id*. These factors favor allowing the Committee Member to file the brief in this case.

### III. THE RELEVANT FACTORS SUPPORT GRANTING THE COMMITTEE MEMBER'S MOTION FOR LEAVE.

Each of the three factors favoring leave to file are satisfied here.

---

[2] *See also, generally*, J. Vincent Aprile II, *Amicus Curiae Briefs in Criminal Trial Courts?*, Criminal Justice Magazine, Summer 2021 (*available at:* https://www.americanbar.org/groups/criminal_justice/publications/criminal-justice-magazine/2021/summer/amicus-curiae-briefs-criminal-trial-courts/) (last visited Jul. 22, 2023).

First, the Committee Member easily meets the first factor in favor of granting leave—whether the Committee Member has an "adequate interest" in the case. The Committee is charged with ensuring that the tax code is enforced fairly. As such, the Committee Member has a special interest in this high-profile case, that appears to be a departure from uniform, consistent, and fair enforcement of our nation's tax code.

The second and third factors—the desirability and relevance of the information the Committee Member provides—are also satisfied here. The Committee Member's brief provides context relating to the background and procedural anomalies present in the investigation, charging decisions, and plea negotiations present in this case. The Committee Member's brief offers information the Court may find useful as it considers the plea agreement before it.

Furthermore, the factors that would weigh against leave to file are not present here. With regard to the competent and adequate representation of the litigants, the Committee Member's brief provides a different perspective and additional background information that is not before the Court. The Committee Member's input on this issue draws from the Committee's ongoing investigation into the process underlying the multi-district investigation of the Defendant at all levels of the Department of Justice and the Internal Revenue Service. Neither party fully represents the Committee Member's interest and perspective.

The Committee Member's brief is also timely, as it is not being filed in response to a brief or submission, and the brief does not support either party. *See* Fed. R. App. P. 29(a)(6) (an *amicus curiae* must file its brief within seven days of the filing of the principal brief of the party being supported). As such, the brief will not delay any briefing or argument in this case.

Finally, the Committee Member's brief is not "patently partisan." The brief contains information that may aid the Court in reaching a just and fair decision on whether to accept the plea as proposed by the parties. The Third Circuit has instructed that an *amicus* need not be entirely impartial to the outcome of the case, as impartiality is at odds with Rule 29's requirement that the *amicus* have an interest in the case. *See Neonatology Assocs. P.A. v. C.I.R*, 293 F.3d 128, 131-32 (3d Cir. 2022). Under these circumstances, whether the Committee is partial to a particular outcome in the case presents no barrier to the Court's granting the Member's motion for leave to file its letter. *See In re Start Man Furniture, LLC*, 2022 WL 17593131, at *6 & n.4 (D. Del. Dec. 13, 2022) (granting leave to unions, whose interests appeared to align with plaintiff workers, to file *amicus* brief in support of plaintiffs); *In re Weinstein Co. Holdings*, 2020 WL 1320821, at *1 & n.3 (granting leave to unions representing directors, actors, and other talent to file *amicus* brief where unions had an interest in protecting compensation provisions similar to those in the production contract at issue).

## **CONCLUSION**

The Committee Member respectfully requests that the Court grant his motion for leave to file an *amicus curiae* brief in aid of sentencing.

Dated:  July 25, 2023                                  **HALLORAN FARKAS + KITTILA LLP**

*/s/ Theodore A. Kittila*
Theodore A. Kittila (No. 3963)
William E. Green, Jr. (No. 4864)
5801 Kennett Pike, Suite C/D
Wilmington, Delaware  19807
Phone:  (302) 257-2025
Fax:  (302) 257-2019
Email:  tk@hfk.law / wg@hfk.law

*Counsel for Amicus Curiae the Honorable Jason Smith, Member of the U.S. House of Representatives and Chair of the U.S. House of Representatives Committee on Ways and Means*

## **CERTIFICATION OF COMPLIANCE**

This brief was prepared in Times New Roman 14-point typeface and contains 1,196 words exclusive of the cover page, tables, and signature block, as calculated by Microsoft Word's word count function, in compliance the typeface and word-count requirements set forth in Rule 7.1.3(4) of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware

Date:  July 25, 2023                    */s/ Theodore A. Kittila*
                                                    Theodore A. Kittila (No. 3963)