**Matthew S. Salerno**
Direct Dial: 212.906.4738
matthew.salerno@lw.com

1271 Avenue of the Americas
New York, New York  10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

**LATHAM & WATKINS LLP**

July 25, 2023

The Honorable Maryellen Noreika
United States District Judge
U.S. District Court
844 N. King Street
Wilmington, DE 19801

Re:   <u>United States v. Biden</u>, No. 23-MJ-00274-MN

Your Honor:

      We write this letter and provide the accompanying affidavit in response to the Court's Oral Order directing that counsel for Defendant show cause as to "why sanctions should not be considered for misrepresentations to the Court." See Dkt. No. 12. The matter under consideration appears to stem from an unfortunate and unintentional miscommunication between a staff member at our firm and employees of the Court. We have no idea how the misunderstanding occurred, but our understanding is there was no misrepresentation. Our staff member, who serves as our Director of Litigation Services ("Lit Services"), represented her affiliation with Latham & Watkins LLP to the ECF Clerk with whom she spoke earlier today. Both her phone number and her affiliation with Latham also typically appears on Caller ID (which typically shows "LATHAM"). We hope this letter and the attached declaration dispels any suggestion that undersigned counsel or our staff would ever intentionally misrepresent or mislead the Court with respect to any matter.

      As this Court is aware, this morning, Chairman Smith, through his attorneys at Halloran Farkas + Kittila LLP ("Halloran") made a submission including several exhibits containing sensitive information regarding our client, including what we believe in good faith to include grand jury, tax payer, and other sensitive information. The United States District Courts for the District of Delaware have issued a Notice Regarding Criminal Case File Documents (the "Notice"),[1] in which certain personal information shall be protected, and "personal data identifiers must be partially redacted from [any] document whether it is filed traditionally or electronically." Upon learning that certain exhibits may contain information subject to the protections of both the Notice and Fed. R. Crim. Proc. 49.1, we quickly alerted Halloran of our concerns.

      Contemporaneous with those communications, we asked our Lit Services Staff Member to determine whether a mechanism is available to protect such information from further disclosure. The Lit Services Staff Member is an administrative staff member with over eighteen years of

---

[1] https://www.ded.uscourts.gov/sites/ded/files/cm-ecf/CMECF-PrivacyCrDE.pdf.

LATHAM&WATKINS LLP

experience at the firm.  She is not a practicing attorney, and is responsible for, among other things, preparing court submissions for filing, procedural rules in connection with same, and daily communications with the Court offices throughout the United States.  As is routine and part of her normal firm responsibilities, the Lit Services Staff Member has in prior circumstances alerted ECF Clerks in other cases and in other jurisdictions to concerns stemming from the filing on a public docket of personal or other protected information of a firm client.  In those prior instances she worked with ECF Clerks to temporarily quarantine such information pending a formal submission under seal.

Consistent with my instructions, earlier today our Lit Services Staff Member called and introduced herself to the ECF Clerk, and provided her full name and firm affiliation, and notified the ECF Clerk that she believed one or more exhibits in the recent filing may have personal information which we believed, in good faith, should not be on the public docket.

The ECF Clerk asked for more information about which specific materials should not have been filed on the public docket.  Our Lit Services Staff Member did not immediately know the answer because she has had no involvement in this matter, other than occasional docket research.  Because she did not know the answer to the ECF Clerk's question, our Lit Services Staff Member indicated she would call the ECF Clerk back with more information.  Shortly thereafter, and before getting a chance to call the ECF Clerk back, our Lit Services Staff Member received a call from a different employee of the Court.  This second employee of the Court informed our Lit Services Staff Member that the filing had been removed from the Court's docket.

We can only speculate how and when the misunderstanding occurred.  We noted, however, that the Court employee who corresponded with Halloran (see Dkt. No. 8-1) is not the first ECF Clerk with whom our Lit Services Staff Member spoke.  Our Lit Services Staff Member did not get the name of the second Court employee with whom she spoke.

Other than working on docket research, our Lit Services Staff Member was not engaged in the substantive defense of our client, Mr. Biden.  And at no point was it our Lit Services Staff Member's intent, or the intent of the firm, to mislead the Court with respect to the intention to protect our client's information.

It is not our intention, through this submission or otherwise, to undermine any investigation conducted by the Court into this matter.  However, to the extent there was a lack of clarity as to the purpose or intentions of our Lit Services Staff Member when she alerted the Court of our concerns, it was completely unintentional in nature and not in any way intended to persuade the Court or anyone else to take action that it would not otherwise take as a routine administrative matter.  In such circumstances, award of sanctions is generally found not to be warranted.  See Martineza v. Towne Ests. Condo. Owners Ass'n, Inc., No. 1:12-CV-779-RGA, 2014 WL 2293689, at *1 (D. Del. May 27, 2014) (declining to impose sanctions where conduct was the result of "confusion or miscommunication"; Novartis Pharms. Corp. v. Par Pharm., Inc., No. CV 11-1077-RGA, 2014 WL 1266320, at *2 (D. Del. Mar. 26, 2014) (declining sanctions where no bad faith was present).

**LATHAM & WATKINS** LLP

      We stand prepared to address any inquiries of the Court to rectify this misunderstanding. Should the Court consider this letter and the accompanying materials to be an insufficient explanation for this misunderstanding, we request an opportunity to more fully brief and be heard on the issues of concern to the Court.

                                              Respectfully submitted,

                                              Matthew S. Salerno

Enclosure

cc:    Benjamin L. Wallace, Esq. (U.S. Department of Justice)
       Leo J. Wise, Esq. (U.S. Department of Justice)
       Derek E. Hines, Esq. (U.S. Department of Justice)
       Christopher J. Clark, Esq. (Clark Smith Villazor LLP)
       Richard I.G. Jones, Jr., Esq. (Berger Harris, LLP)
       Brian C. McManus, Esq. (Latham & Watkins LLP)
       Timothy H. McCarten, Esq. (Latham & Watkins LLP)