# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    C.A. No. 23-MJ-00274-MN <br> ) |
| ROBERT HUNTER BIDEN, | ) <br> ) |
| Defendant. | ) <br> ) |

## MOTION FOR LEAVE TO FILE UNDER SEAL

    Defendant Robert Hunter Biden ("**Defendant**"), by and through his undersigned attorneys, seeks leave to maintain under seal confidential materials, pursuant to Federal Rule of Criminal Procedure 6(e), 49.1, 26 U.S.C. § 6103, and the Court's oral order dated July 25, 2023 (D.I. 12). In support of his motion, Defendant states as follows:

    1.    This matter arises before the Court in direct response to several last-minute briefs of putative *amici curiae* filed on the eve of the July 26, 2023 initial appearance and plea hearing in this matter. These filings include several hundred pages of exhibits containing allegations, innuendo, and unverified claims regarding Defendant and the very matters before the Court. Defense counsel wishes to maintain these materials under seal, to protect Defendant from the disclosure on the public docket of potentially prejudicial information about an ongoing criminal matter. Under the circumstances, the temporary and continued sealing of such records to prevent

undue and irreparable prejudice to a defendant in a criminal case, is both warranted and serves the ends of justice.[1]

2.  A party seeking the sealing of part of a judicial record "bears the burden of showing that the material is the kind of information that courts will protect" and that "disclosure will work a clearly defined and serious injury to the party seeking closure."  *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994).

3.  The public dissemination of grand jury materials and confidential tax payer information is prohibited by Federal Rule of Criminal Procedure 6(e) ("**Rule 6(e)**") and 26 U.S.C. § 6103 ("**Section 6103**"), respectively.  Rule 6(e) establishes a "General Rule of Secrecy" that provides that certain persons, including government attorneys and investigators, "shall not disclose matters occurring before the grand jury," except under limited and discrete exceptions, and states that "records, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury."  Similarly, Section 6103 protects from disclosure, except in limited circumstances, "any tax or information return," as well as "a taxpayer's identity, the nature, source, or amount of his income payments, receipts, deductions, exemptions, credits, assets, liabilities, net

---

[1] We have endeavored to identify and brief the general issues at stake here with respect to protecting sensitive information, but---as the Court observed during today's hearing—the materials filed by putative *amici* are quite voluminous.  To the extent the Court requires supplemental information about the particular portions of these voluminous filings that are protected, or with respect to the framework of *In re Avandia Marketing, Sales Practices & Products Liability Litigation*, 924 F.3d 662 (3d Cir. 2019), we would ask the Court to provide additional time to more fully brief these issues to the Court. We believe this would be warranted, considering the potential prejudice to Defendant when weighed against the harm for continuing to keep materials sealed while the matter is briefed.

Given the nature, volume, and timing of the putative amici filings both on this docket and the parallel criminal docket (No. 23-CR-00061-MN), undersigned counsel reserves the right to seek the removal of additional materials from the public dockets at the appropriate time.

worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected . . . with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition or offense." 26 U.S.C. § 6103(a), (b)(1)-(2). Rule 6(e) and Section 6103 are intended to protect the grand jury process and the sanctity of taxpayer information; the materials governed by the rules are carefully guarded.

        4.       The reasons for non-disclosure and protection of grand jury materials are legion. The non-disclosure is intended to help ensure fair and honest process, to protect the grand jury and witnesses, and, as is relevant here, to protect a defendant or potential defendant who has not ultimately been charged with crimes from having their reputation impugned. *See, e.g.*, *United States v. Smith*, 992 F. Supp. 743, 754-55 (D.N.J. 1998) (quoting *Finn v. Schiller*, 72 F.3d 1182, 1189 (4th Cir. 1996)) ("[C]ompromising grand jury secrecy is a serious matter. It can endanger the lives of witnesses and law enforcement officers and undermine the grand jury system. Courts must not tolerate violations of Rule 6(e) by anyone. . . . A primary purpose of Rule 6 is to protect the unindicted, and the United States Attorney has a duty to protect the innocent as well as to prosecute those indicted by the grand jury."); *United States v. Walters*, No. 17-2373 (2d Cir. Dec. 4, 2018) (Jacobs, J., concurring) ("[T]he leak of grand jury testimony is in some respects more egregious than anything [Defendant] did [(insider trading)]—the FBI supervisor took an oath to uphold the law and was acting in a supervisory capacity to discharge an important public function."); *In re Blue Grand Jury*, 536 F. Supp. 3d 435, 437 (D. Minn. 2021) (in response to "apparent violation of Fed. R. Crim. P. 6(e) . . . order[ing] the United States to show cause why it

is not in the interest of justice for this Court to appoint independent counsel to investigate and possibly prosecute criminal contempt charges relating to the apparent disclosures of matters occurring before the Blue Grand Jury");.

5.  The reasons for non-disclosure of taxpayer information are as important. *Grasso v. I.R.S.*, 785 F.2d 70, 75 (3d Cir. 1986) ("Congress intended, by amending section 6103, to protect the taxpayer's right to privacy and confidentiality in return information, while at the same time to afford disclosure to those congressional committees and federal and state authorities which had legitimate needs for such information."); *Mallas v. United States*, 993 F.2d 1111, 1121 (4th Cir. 1993) ("The plain purpose of section 6103 is to encourage full compliance with the tax laws by assuring taxpayers that the IRS will not disclose the information provided to it in confidence. In furtherance of this purpose, Congress defined a section 6103 'disclosure' broadly as 'the making known to any person in any manner whatever a return or return information.'") (quoting 26 U.S.C. § 6103(b)(8)).

6.  Indeed, courts are empowered to dismiss indictments in such circumstances where information such as the materials at issue here are disclosed. *See United States v. Bank of Nova Scotia*, 487 U.S. 250, 254–55 (1988) (recognizing district court's supervisory authority to dismiss an indictment for Rule 6(e) violations); *id*. at 256 (recognizing authority to dismiss indictments for "fundamental" error, where "structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair").

7.  On July 25, 2023, the Honorable Jason Smith, Member of Congress and Chair of the U.S. House of Representatives Ways and Means Committee ("**Chairman Smith**"), through his counsel, filed a letter with the court enclosing a proposed *Amicus Curiae* brief and supporting exhibits (D.I. 7). Exhibits 2 through 6 of Chairman Smith's brief contain information that is

patently considered grand jury material protected from disclosure under Rule 6(e) and 26 U.S.C. § 6103, including but not limited to grand jury exhibits and evidence, materials collected in the context of a grand jury investigation, a federal tax investigation, and transcripts eliciting, recounting, or explaining the deliberations of federal prosecutors to bring or not bring federal charges against the Defendant (the "**Protected Materials**").

8. The Protected Materials at issue are plainly the type of grand jury materials and taxpayer information that is otherwise protected from disclosure. As such, their dissemination is prohibited by law. Here, not only is such disclosure prohibited as a matter of law, but in a case such as this, where there is an ***active criminal case***, the publishing of such grand jury and taxpayer information will only further seriously prejudice the Defendant. This is particularly the case where the criminal matter purportedly pertains to the very issues that are to be addressed by a trier of fact.

9. Disclosure and publication of the Protected Materials is prohibited with limited exceptions. Rule 6(e) prohibits disclosure without *any* exceptions or mechanisms to disclose. *See* Rule 6(e)(6) ("Records, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury."). Taxpayer information, while subject to certain disclosure provisions, is not permitted to be disclosed or published outside of the discrete and narrow set of provisions listed in 26 U.S.C. § 6103. *Mallas*, 993 F.2d at 1120 ("Unless the disclosure is authorized by a specific statutory exception, section 6103(a) prohibits it."); *Minda v. United States*, 851 F.3d 231, 234 (2d Cir. 2017) (noting that Section 6103 provides that disclosure of any tax return information is prohibited "except to the extent disclosure is authorized under the Code."); *Vestal v. Dep't of Treasury*, 1 F.4th 1049, 1055 (Fed. Cir. 2021) (upholding removal of agent from IRS for intentionally disclosing taxpayer information to an unauthorized person, which was not a

permitted disclosure under section 6103). Even where such information is disclosed subject to the Code, it may still be protected from re-publication.

10. There is no question that the Protected Materials that are the subject of this motion contain grand jury and taxpayer information that is otherwise protected. They are transcripts that explicitly set out the investigation and internal deliberations of the U.S. Department of Justice ("**DOJ**"). To our knowledge, the DOJ has not permitted or consented to such disclosure; but regardless, a defendant has an obvious interest and right in protecting disclosure of such information to avoid precisely the types of prejudice that could stem from disclosure of such materials.

11. It must not be lost that, at present, any partisan may seek leave to file and publish prejudicial materials on the criminal docket. The Defendant has not pleaded *not guilty* and in the eyes of the Court and its docket must remain so. The Protected Materials are incredibly prejudicial, including because they contain one-sided hearsay allegations regarding, *inter alia*, the propriety of the DOJ's investigation, its views as to the strength or weaknesses of the case, and various purported evidence, without any regard as to truth, let alone admissibility, of the materials being filed.

12. At present, the only justification putative *amici* have proffered to file the Protected Materials without seal is because they were purportedly disclosed by the U.S. House of Representatives House Ways and Means Committee on or about June 22, 2023. D.I. 8.

13. The scope and nature of the disclosures in this case by a private citizen holding no public office have been historic. Such disclosure by the U.S. House of Representatives, however, does not strip the materials of their grand jury protection. Nor, for that matter, does it permit repeated publication of materials, even where purportedly disclosed by Congress. Importantly,

Defendant *in these criminal proceedings* was afforded no opportunity to prevent or constrict the scope of those disclosures on the public docket.

14. Even assuming, *arguendo*, that initial publication of taxpayer information was lawful, there is no mechanism of which Defendant is aware that strips the Protected Materials of their protections, particularly where it has been compelled into the public domain without Defendant's consent. Courts have routinely rejected this notion. For instance, when confidential or privileged materials are compelled, leaked, or inadvertently disclosed, the privilege of those materials is not waived. *See, e.g., Berg Electronics, Inc. v. Molex, Inc.*, 875 F. Supp. 261, 263 (D.Del. 1995) (holding that the inadvertent production of documents did not waive the attorney-client privilege that otherwise protected the documents from disclosure); *Greene v. Philadelphia Hous. Auth.*, 484 F. App'x 681, 686 (3d Cir. 2012) ("[T]he judicially-compelled disclosure of information, later determined to be privileged, may not result in a waiver of the privilege.").

15. While rare, Courts are clear that litigants should not use the court system to continue to disseminate privileged, sensitive, or grand jury materials. *United States v. Smith*, 992 F. Supp. 743, 755-56 (D.N.J. 1998) (ordering the United States Attorney's Office to issue a letter of apology to the defendant and the uncharged individual for its wrongful disclosure of 6(e) material and a letter to all recipients of the 6(e) material informing them the information was confidential and should not have been revealed); *United States v. Smith*, 123 F.3d 140 (3d. Cir. 1997) ("Moreover, we cannot agree with the newspapers' contention that grand jury material or putative grand jury material, once disclosed, even if inadvertently, is no longer subject to the protections of Rule 6(e). At bottom, it is clear to us that a court is simply not powerless, in the face of an unlawful disclosure of grand jury secrets, to prevent all further disclosures by the government of those same jury secrets. In other words, even if grand jury secrets are publicly disclosed, they may still be entitled

to at least some protection from disclosure."); *Avaya Inc. v. Telecom Labs, Inc.*, 2012 WL 13035098, *2 (D.N.J. Apr. 27, 2012) ("the [*Smith*] decision illustrates that information that would otherwise be protectable should be afforded some protection from further publication, even after inadvertent public disclosure.").

16.     Courts also make clear that the disclosure of confidential tax information does not strip the protections afforded by Section 6103. *Mallas*, 993 F.2d at 1120 ("The Government points to no such exception—and we are aware of none—permitting the disclosure of 'return information' [as defined by Section 6103] simply because it is otherwise available to the public."); *Rodgers v. Hyatt*, 697 F.2d 899 (10th Cir. 1983) (rejecting the defendant's "contention that because the "tax information" disclosed at the [unauthorized] meeting had been fully developed and disclosed in the course of the [] district court proceeding[,] . . . the content of the statement had become a matter of public record and, accordingly, could no longer be considered confidential "return information" within the meaning of § 6103.").

17.     Defendant's Confidential Information is protected from disclosure by law. No prior compelled or leaked disclosure of that information warrants the further dissemination on this public docket.

WHEREFORE, for the foregoing reasons, Defendant respectfully requests leave to file the Protected Materials under seal.

Dated: July 26, 2023

*/s/ Richard I. G. Jones, Jr.*

Richard I.G. Jones, Jr.
Berger Harris LLP
1105 N. Market Street, Suite 1100
Wilmington, DE 19810
Tel: (302) 655-1140
Email: rjones@bergerharris.com

Christopher J. Clark
Clark Smith Villazor LLP
250 West 55th Street, 30th Floor
New York, NY 10019
Tel: (212) 582-4400
Email: clark@clarksmithvillazor.com

*Attorneys for Defendant Robert Hunter Biden*