# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>ROBERT HUNTER BIDEN<br><br>*Defendant.* | )<br>)<br>)<br>)<br>) Criminal Action No. 23-mj-00274-MN<br>)<br>)<br>)<br>)<br>) |

## OPPOSITION OF THE HONORABLE JASON SMITH, MEMBER OF THE U.S. HOUSE OF REPRESENTATIVES AND CHAIR OF THE U.S. HOUSE OF REPRESENTATIVES COMMITTEE ON WAYS AND MEANS, TO DEFENDANT'S <u>MOTION FOR LEAVE TO FILE UNDER SEAL</u>

**HALLORAN FARKAS + KITTILA LLP**

Theodore A. Kittila (No. 3963)
William E. Green, Jr. (No. 4864)
5801 Kennett Pike, Suite C/D
Wilmington, Delaware  19807
Phone:  (302) 257-2025
Fax:  (302) 257-2019
Email:  tk@hfk.law / wg@hfk.law

*Counsel for Amicus Curiae the Honorable Jason Smith, Member of the U.S. House of Representatives and Chair of the U.S. House of Representatives Committee on Ways and Means*

Dated:  July 31, 2023

The Honorable Jason Smith, Member of the U.S. House of Representatives and Chair of the U.S. House of Representatives Committee on Ways and Means ("Chairman Smith"), respectfully submits this opposition to Defendant's Motion for Leave to File Under Seal (the "Motion") (D.I. 17). For the reasons set forth below, the Motion should be denied, and the *Amicus* Filing (defined below) should be unsealed.

## I. PRELIMINARY STATEMENT.

Despite this Court giving Defendant Robert Hunter Biden ("Defendant") the opportunity to identify what materials he believes to be confidential taxpayer and grand jury materials, Defendant has failed to do so. In *Miller v. Indiana Hospital*, the lead case cited (but misquoted) by Defendant,[1] the Third Circuit stated that "[a] party seeking to seal any part of a judicial record bears the ***heavy*** burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" 16 F.3d 549, 551 (3d Cir. 1994) (emphasis added and citation omitted). The Third Circuit "has made it clear that our '***strong*** presumption' of openness does not permit the routine closing of judicial records to the public." *Id*. (emphasis added).

---

[1] *See* D.I. 17 at 2. Defendant neglected to include the word "heavy" with respect to the burden in addition to misquoting the text.

Despite this strong presumption of openness and the heavy burden to seal materials, Defendant has sought to have access to publicly available documents blocked. Defendant's counsel has threatened Chairman Smith and his counsel with sanctions and claimed that the filing was "illegal" and that the materials must be removed from the docket. While the Court gave Defendant the benefit of the doubt and allowed him to identify which materials he claims should not have been publicly filed, Defendant failed to do so. Defendant's Motion must be denied.

## II. BACKGROUND TO MOTION.

On May 26, 2023, Gary A. Shapley, Jr. (known as Whistleblower 1), a Supervisory Special Agent with IRS-Criminal Investigation, gave a full day of closed-door testimony to the Committee on Ways and Means of the U.S. House of Representatives (the "Committee") concerning the investigation of Defendant. Agent Shapley produced documents and provided a subsequent affidavit to the Committee. On June 1, 2023, Joseph Ziegler (known as Whistleblower 2), a Special Agent with IRS-Criminal Investigation, also provided a full day of closed-door testimony to the Committee. (Together, Special Agents Shapley and Ziegler are referred to herein as the "Whistleblowers." The transcripts of the Whistleblowers' testimony, exhibits thereto, and related documents are referred to hereafter as the "Whistleblower Materials.")

On June 20, 2023, the charges against the Defendant were announced in two separate criminal actions—this case, as well as *United States v. Robert Hunter Biden,* 1:23-cr-61 (D. Del.) (the "Gun Case"). It was also announced that the United States and the Defendant intended to enter a plea agreement in this case and a diversion agreement in the Gun Case, but the content of the parties' agreements were kept secret.

On June 21, 2023, an initial appearance and plea hearing was scheduled for July 26, 2023. *See* D.I. 3. On June 22, 2023, by majority vote, the Committee submitted the Whistleblower Materials, with certain redactions made by both majority and minority counsel, to the full House of Representatives.[2] These redactions covered the name and identifying information of Whistleblower 2,[3] the names of the Defendant's adult children, Committee staff names, and other personally identifiable information such as phone numbers, signatures, physical addresses, email addresses, account numbers, and similar information. Since June 22, 2023, the Whistleblower Materials have been publicly available on the

---

[2]   *See* 118th Congress (2023 - 2024) - 1st Session*,* June 22, 2023 - Issue: Vol. 169, No. 109 - Daily Edition (*available at:* https://www.congress.gov/congressional-record/volume-169/issue-109/daily-digest);

[3]   Whistleblower 2 requested that the Committee keep his identity confidential pending his own decision as to whether or when he would identify himself publicly. He chose to do so on July 19, 2023.


Committee's website.[4]  The Committee report containing the Whistleblower Materials is awaiting printing and publication by the Government Publishing Office.[5]

On the morning of July 25, 2023, Chairman Smith moved for leave to file an *amicus curiae* brief in aid of the plea hearing of Defendant.  Chairman Smith attached the proposed brief, including exhibits, to his motion for leave (together, the *Amicus* Filing).  Shortly thereafter, counsel for Defendant emailed counsel for Chairman Smith to demand that the *Amicus* Filing be taken down and filed under seal, alleging that portions of the filing contain confidential taxpayer and grand jury information.  *See* D.I. 8-1 (Ex. A) at 6.  Counsel for Chairman Smith responded that all the information in the *Amicus* Filing is publicly available on the Committee's website and has been since June 22, 2023.  *Id.*

---

[4]    Meeting on Documents Protected Under Internal Revenue Code Section 6103 (*available at:*  https://waysandmeans.house.gov/event/meeting-on-documents-protected-under-internal-revenue-code-section-6103//).  The Whistleblowers' testimony has also been made public on other webpages following public testimony by the Whistleblowers before a July 19, 2023 hearing of the House Committee on Oversight Accountability; Chairman Smith participated in the hearing. *See* https://oversight.house.gov/landing/biden-family-investigation/ (providing links to Whistleblower materials).

[5]    H.R. Rep. No. 118-144 (2023) (awaiting printing by the Government Publishing Office).

Defendant's counsel responded that they would be moving to seal the filing and followed up with a letter to counsel. *Id.* at 4.; D.I. 9, Ex. A. In email correspondence with Chairman Smith's counsel, Defendant's counsel threatened to seek sanctions and claimed that the filing of the publicly available documents was "illegal." *See* D.I. 8-1 (Ex. A) at 3 ("Your attempts to publicly file my client's personal financial information with no protection 1s [*sic*] are improper, illegal and in violation of applicable rules. Please follow the rules in making your non-party and non-approved filings. We will seek all appropriate sanctions in response to your actions."). At no point during this exchange did Defendant's counsel identify any specific information in the *Amicus* Filing that violated any rule or statute requiring the redaction or sealing of any material. To date, they still have not identified any such information.

The *Amicus* Filing was then removed from the docket after Defendant's counsel called the Clerk of the Court. *See* D.I. 8, 9, 12, 14 & 20. Chairman Smith re-filed the *Amicus* Filing and submitted correspondence regarding why he was doing so. *See* D.I. 7. Thereafter, on July 25, 2023, the Court entered an Oral Order on the Docket which, *inter alia,* temporarily placed the *Amicus* Filing under seal, and gave Defendant until close of business on July 26, 2023 to identify what specific information should be sealed and to show why that information should be sealed. D.I. 12.

5

### III. LEGAL ARGUMENT.

#### A. Defendant Bears the Heavy Burden to Seal the *Amicus* Filing.

The Court's July 25 Oral Order (D.I. 12) noted, "As an initial matter, Defendant has not indicated what specific information should be sealed nor made any showing as required under *In re Avandia Marketing, Sales Practices & Products Liability Litigation*, 924 F.3d 662 (3d Cir. 2019). In fact, Defendant has not filed a formal request with the Court to seal anything." While the Court placed a temporary seal over the filing, it gave Defendant until close of business on July 26 to identify the specific information that he wanted sealed and to show why, consistent with the required legal standard, the information should be sealed; the Court noted that, "[s]hould Defendant fail to make that showing, the document will be unsealed in its entirety." D.I. 12.

Before granting the motion to seal the records, a court "must articulate the compelling, countervailing interests to be protected, make specific findings on the record concerning the effects of disclosure, and provide an opportunity for interested third parties to be heard." *In re Avandia Marketing*, 924 F.3d at 672-73 (cleaned up). "In both criminal and civil cases, a common law right of access attaches 'to judicial proceedings and records.'" *Id.* at 672 (quoting *Goldstein v. Forbes* (*In re Cendant Corp.*), 260 F.3d 183, 192 (3d Cir. 2001)). "A party seeking to seal any

6

part of a judicial record bears the *heavy* burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Miller*, 16 F.3d at 551 (emphasis added and citation omitted). "The right of access 'promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court,'" and the "openness of the process should provide the public with a more complete understanding of the judicial system and a better perception of its fairness." *In re Avandia Marketing*, 924 F.3d at 672 (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)).

**B.     Defendant Hasn't Identified Specific Information to Be Sealed or Demonstrated Why Specific Information Should Be Protected.**

Defendant has failed to carry his burden.  In footnote 1 to the Motion, Defendant concedes that he has neither identified what specific information should be sealed nor attempted to make the requisite showing under *In re Avandia Marketing*. *See* D.I. 17, n.1 ("We have endeavored to identify and brief the *general issues at stake* here with respect to protecting sensitive information….") (emphasis added). Rather, Defendant requests "additional time to more fully brief these issues before the Court." *Id.* Accordingly, the Motion fails to satisfy Defendant's burden and should be denied on this basis alone.

Defendant identifies no purported grand jury or tax return information. Indeed, Defendant does not even cite to a page number of the *Amicus* Filing—let

7

alone any specific information on any certain page—settling instead for a sweeping claim that "Exhibits 2 through 6 of Chairman Smith's brief contain information that is patently considered grand jury material protected from disclosure under Rule 6(e) and 26 U.S.C. § 6103." *Id.* at 4-5. This flatly ignores both the Court's Oral Order and the relevant standard set forth in *In re Avandia Marketing*. "Broad allegations of harm, bereft of specific examples or articulated reasoning"—which are all that have been presented in Defendant's Motion—"are insufficient." *In re Avandia Marketing*, 924 F.3d at 673. "[C]areful factfinding and balancing of competing interests is required before the strong presumption of openness can be overcome by the secrecy interests of private litigants." *Id.* Indeed, the Court is required to "conduct a *document-by-document* review of the contents of the challenged documents" before "the strong presumption of openness can be overcome by the secrecy interests of private litigants." *Id.* at 672-73 (emphasis added).

It is unsurprising that Defendant was not able to identify any secret grand jury information within the Whistleblower materials: the Whistleblowers were represented by competent counsel who were careful not to submit any such information to the Committee. *See, e.g.*, D.I. 7, Ex. 2 at 41-42 ("The report includes itemized elements of each violation for each year up above it that I couldn't provide because of grand jury (6)(e) material."). Thus, even if the Court were to grant Defendant the additional time he requests—which it should not—Defendant cannot

8

make the requisite showing.

Defendant has not identified any specific parts of the *Amicus* Filing that should be redacted, and has failed to make the requisite document-by-document showing that any part of the *Amicus* Filing should remain under seal. The Motion should be denied.

### C. Defendant Has Not Shown and Cannot Show That He Would Be Injured by Unsealing the Whistleblower Materials.

Even if Defendant had identified specific information, he could not have shown that it should be sealed because all of the transcript testimony and related documents included as Exhibits 2 through 6 of the *Amicus* Filing—the Whistleblower Materials—are publicly available and have been for some time. Moreover, they will continue to be available to the public even if the Defendant's Motion were granted. Accordingly, Defendant cannot identify how he would be injured by unsealing these documents, let alone demonstrate the required clearly defined and serious injury.

The Whistleblowers provided their testimony to the Committee under 26 U.S.C. § 6103(f)(5), "Disclosure by whistleblower," which provides:

> Any person who otherwise has or had access to any return or return information under this section may disclose such return or return information to [the Committee] … if such person believes such return or return information may relate to possible misconduct, maladministration, or taxpayer abuse.

Thus, in the first instance, the Whistleblowers were statutorily authorized to provide

their testimony to the Committee in accordance with Section 6103(f).

As previously noted, on June 22, 2023, the Committee, pursuant to its statutory authority under 26 U.S.C. § 6103(f)(4)(A), voted to submit the Whistleblower Materials to the full House of Representatives. As a result of that vote, the Whistleblower Materials have been hosted on the Committee's public website.[6] The Committee voted to release the Whistleblower Materials pursuant to its statutory authority under 26 U.S.C. § 6103(f)(4)(A), which provides in relevant part, that:

> [The Committee] shall have the authority, acting directly, or by or through such examiners or agents as the chairman of such committee or such chief of staff may designate or appoint, to inspect returns and return information at such time and in such manner as may be determined by such chairman or chief of staff. ***Any return or return information obtained by or on behalf of such committee pursuant to the provisions of this subsection may be submitted by the committee to the Senate or the House of Representatives, or to both.***

26 U.S.C. § 6103(f)(4)(A) (emphasis added). Moreover, Rule XI.2(k)(7) of the Rules of the U.S. House of Representatives provides that "[e]vidence or testimony taken in executive session, and proceedings conducted in executive session, may be released or used in public sessions only when authorized by the committee, a majority being present."[7] Here, the Committee specifically voted to authorize the

---

[6]   *See* Note 4, *supra*.

[7]   *See* Resolution Adopting the Rules of the House of Representatives for the One Hundred Seventeenth Congress and, for other purposes (*available at*:

release of the materials.

In sum, the Whistleblowers were statutorily permitted to present their testimony and evidence to the Committee, and the Committee was duly authorized to submit the Whistleblower Materials to the full U.S. House of Representatives for inclusion in the Congressional Record. The Whistleblower Materials are publicly available, and Defendant thus will suffer no injury if those materials are unsealed on the Court's docket.

*In re Avandia* makes clear that to support sealing the documents, the District Court must make "specific findings on the record concerning the effects of disclosure." 924 F.3d at 672. Here, there is nothing secret about the Whistleblower Materials: they are documents in the public domain, released by a Congressional Committee acting pursuant to specific statutory authority. *See* 26 U.S.C. 6103(f)(4)(A). Defendant's claim that the public filing of the already public Whistleblower Materials on this docket will cause harm simply does not stand up to scrutiny. *See In re Avandia*, 924 F.3d at 673 ("The First Amendment right of access requires a much higher showing than the common law right [of] access before a judicial proceeding can be sealed. Any restriction on the right of public access 'is ... evaluated under strict scrutiny.") (internal citations and quotations omitted).

---

https://rules.house.gov/sites/republicans.rules118.house.gov/files/BILLS-117hres PIH-hres7.pdf).

11

### D. Defendant's Claims Fail as a Matter of Law.

While the Court should not have to undertake any analysis regarding whether the materials should have been made public in the first place—and any such challenge would have been more appropriately made elsewhere—Defendant's claims fail as a matter of law. First, with respect to the alleged taxpayer information, Section 6103 provides the Defendant with no basis for relief because it does not prohibit the disclosure of public information. *See, e.g.*, *William E. Schrambling Acct. Corp. v. United States*, 937 F.2d 1485, 1488 (9th Cir. 1991) ("Disclosure of return information that is not confidential does not violate Section 6103."); *Lampert v. United States*, 854 F.2d 335, 338 (9th Cir. 1988) ("We believe that Congress sought to prohibit only the disclosure of confidential tax return information. Once tax return information is made a part of the public domain, the taxpayer may no longer claim a right of privacy in that information."). As the Ninth Circuit has stated, "[t]he relevant inquiry should focus on whether the prior authorized disclosure … destroys the confidential nature of the information." *William E. Schrambling Acct. Corp.*, 937 F.2d at 1488-89. Here, for the reasons set forth above, the answer to that question is clearly yes. Just as tax return information loses its confidentiality once it is disclosed in a judicial forum and is therefore no longer protected by Section 6103 (*see, e.g.*, *Lambert*, 854 F.2d at 338), so too is such information no longer protected by Section 6103 once it is disclosed by Congress and widely available to

the public.

Second, with respect to arguments concerning Rule 6(e) materials, Members of Congress are not covered by Federal Rule of Criminal Procedure 6(e), so no disclosure of grand jury information made by a Member of Congress could violate that rule. Specifically, Rule 6(e)(2)(A) states that "[n]o obligation of secrecy may be imposed on any person except in accordance with Rule 6(e)(2)(B)." Rule 6(e)(2)(B) lists the select individuals to which the rule applies, and Members of Congress are not listed.

Separate and apart from that, Defendant's vague claims that there are grand jury materials in the *Amicus* Filing is unsupported. The purpose of Rule 6(e) is to "preserve the secrecy of the grand jury proceedings themselves" and not "statements by a prosecutor's office with respect to a grand jury's investigation[.]" *In re Sealed Case No 99-3091*, 192 F.3d 995, 1002 (D.C. Cir. 1999). For example, a recommendation by DOJ attorneys that an indictment be sought against an individual does not "reveal any information about matters occurring before the grand jury," nor does "a statement of opinion as to an individual's potential criminal liability … provided, of course, the statement does not reveal the grand jury information on which it is based." *Id*. at 1003.

Critically, just because material may have some relationship to a grand jury investigation does not mean that such material is prohibited from disclosure pursuant

to Rule 6(e). Even in the case cited by Defendant, *United States v. Smith*, 992 F. Supp. 743 (D.N.J. 1998), the District Court noted:

> [T]he Court is aware that not every document presented in response to a grand jury subpoena becomes a matter occurring before the grand jury. Rule 6(e) does not prevent disclosure of all documents subpoenaed by a grand jury. *See In re Grand Jury Investigation*, 630 F.2d 996, 1000 (3d Cir.1980), *cert. denied*, 449 U.S. 1081, 101 S. Ct. 865, 66 L.Ed.2d 805 (1981). Even the mere fact that a document is reviewed by a grand jury does not convert it into a matter occurring before the grand jury as contemplated by Rule 6(e). *Id*.

Defendant has not identified any "grand jury materials" that have been made public. Defendant's claim is baseless.

## **CONCLUSION**

For the foregoing reasons, Chairman Smith respectfully requests that the Court deny Defendant's Motion for Leave to File Under Seal.

Dated: July 31, 2023

**HALLORAN FARKAS + KITTILA LLP**

<u>*/s/ Theodore A. Kittila*</u>
Theodore A. Kittila (No. 3963)
William E. Green, Jr. (No. 4864)
5801 Kennett Pike, Suite C/D
Wilmington, Delaware 19807
Phone: (302) 257-2025
Fax: (302) 257-2019
Email: tk@hfk.law / wg@hfk.law

*Counsel for Amicus Curiae the Honorable Jason Smith, Member of the U.S. House of Representatives and Chair of the U.S. House of Representatives Committee on Ways and Means*