IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 23-mj-274-MN |
| | ) |
| ROBERT HUNTER BIDEN, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' MOTION TO VOLUNTARILY DISMISS CRIMINAL TAX INFORMATION WITHOUT PREJUDICE SO THAT TAX CHARGES CAN BE BROUGHT IN A DISTRICT WHERE VENUE LIES**

The United States, by and through its undersigned attorneys, moves to voluntarily dismiss the information filed in the above-captioned matter without prejudice so that the United States can bring tax charges in a district where venue lies.

On June 20, 2023, the United States filed a criminal information charging the Defendant with two counts of failure to pay taxes, in violation of 26 U.S.C. § 7203.  ECF 2.  Venue for these offenses does not lie in Delaware.  Rather, venue for these offenses and any other related tax offenses lies either in the Central District of California or in the District of Columbia.  The information was filed in this District because the parties had previously agreed that the Defendant would waive any challenge to venue and plead guilty in this District.  However, during the July 26, 2023, hearing that the Court set on this matter, the Defendant pled not guilty.  Since that time, the parties have engaged in further plea negotiations but are at an impasse.  The Government now believes that the case will not resolve short of a trial.

In criminal cases, proper venue is an important constitutional safeguard.  The "proper place of colonial trials was so important" to the framers that they listed it as a grievance in the Declaration of Independence and imposed a criminal-venue requirement in two separate parts of

the Constitution: Article III and the Sixth Amendment. *See United States v. Auernheimer*, 748 F.3d 525, 532 (3d Cir. 2014). Article III provides that the "Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed." U.S. Const. art. III, § 2, cl. 3. The Sixth Amendment provides criminal defendants with the right to trial "by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI. Federal Rule of Criminal Procedure 18 codifies this constitutional requirement: "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed."

Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Although the Rule refers to "leave of court," "a judge's discretion under Rule 48(a) is severely cabined." *In re Richards*, 213 F.3d 773, 788 (3d Cir. 2000); *see also Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977); *United States v. Fokker Servs. B.V.*, 816 F.3d 733, 742 (D.C. Cir. 2016). As the Third Circuit held in *Richards*, "refusal to dismiss is appropriate only in the rarest of cases." 213 F.3d at 786. Indeed, "[a] court is generally required to grant a prosecutor's Rule 48(a) motion to dismiss unless dismissal is 'clearly contrary to manifest public interest.'" *Id*. at 787 (quoting *United States v. Carrigan*, 778 F.2d 1454, 1463 (10th Cir. 1985)).

"The principal object of [Rule 48(a)'s] 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment," *Rinaldi*, 434 U.S. at 29 n.15—which is "the danger that a prosecutor will engage in a cycle of levying and dismissing charges against a particular defendant," *Richards*, 213 F.3d at 787. *See also United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984) (*citing Rinaldi*, 434 U.S. at 29 n.15); *United States v. Wecht*, 2008 WL 65605 at *3 (W.D. Pa. Jan. 4, 2008). Other situations in which dismissal would be "clearly contrary to manifest

public interest" include cases "in which the prosecutor appears motivated by bribery, animus towards the victim, or a desire to attend a social event rather than trial." *Richards*, 213 F.3d at 786 (*citing United States v. Hamm*, 659 F.2d 624, 630 (5th Cir. 1981)). "[A] Rule 48 motion 'that is not motivated by bad faith is not clearly contrary to manifest public interest, and it *must* be granted.'" *Rice v. Rivera*, 617 F.3d 802, 811 (4th Cir. 2010) (quoting *United States v. Smith*, 55 F.3d 157, 159 (4th Cir. 1995)).

A presumption of good faith attaches to the government's decision to seek dismissal under Rule 48(a). *See United States v. B.G.G.*, 53 F.4th 1353, 1361 (11th Cir. 2022); *United States v. Reyes*, 102 F.3d 1361, 1367 (5th Cir. 1996). A defendant can rebut this presumption by showing "that the . . . dismissal was in bad faith, or that the defendant has been prejudiced in his ability to challenge the prosecutor's motives because the government failed to articulate its reasons for the dismissal." *United States v. Matta*, 937 F.2d 567, 568 (11th Cir. 1991). If a defendant fails to rebut the presumption of good faith, it is customary for a court to grant the government's Rule 48(a) motion to dismiss without prejudice. *See, e.g., United States v. Mujahid*, 491 F. App'x 859, 860 (9th Cir. 2012) ("A district court is 'duty bound' to grant the government's Rule 48(a) motion to dismiss an indictment without prejudice unless 'it specifically determines that the government is operating in bad faith' in pursuing the motion.") (quoting *United States v. Hayden*, 860 F.2d 1483, 1487 (9th Cir. 1988)).

This motion is being made in good faith and for reasons that are in the public interest, which are clearly articulated in this motion. When the parties were proceeding to a negotiated resolution in this matter, a plea in this District was agreed upon. As part of that plea, the Defendant would have waived any challenge to venue in this District. At the hearing on July 26, 2023, the Defendant did not plead guilty and therefore did not waive venue. ECF 18, Transcript of Hearing

at 60. After the hearing, the parties continued negotiating but reached an impasse. A trial is therefore in order. And that trial cannot take place in this District because, as explained, venue does not lie here.

Federal Rule of Criminal Procedure 12(b)(3)(A)(i) allows a criminal defendant to file a pretrial motion to dismiss an indictment for improper venue. *United States v. Menendez*, 137 F. Supp. 3d 688, 693-94 (D.N.J. 2015) (*quoting United States v. Mendoza*, 108 F.3d 1155, 1156 (9th Cir. 1997)); *see also United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012); *United States v. Villalobos-Macias*, 280 F. Supp. 3d 1211, 1215 (D.N.M. 2017). If the Defendant did so, the Government would consent. Even if the Defendant did not immediately move to dismiss for lack of venue, at trial, he could assert that the Government had not met its burden of proving venue by a preponderance of the evidence. *See United States v. Perez*, 280 F.3d 318, 334–35 (3d Cir. 2002). That complete defense being built into the case would render any trial in this District a farce. The Court should therefore grant the motion to dismiss, permitting the Government to bring charges in a district where the Defendant can be properly tried.

Moreover, even if the Defendant were to offer to waive any challenge to venue now outside of a plea agreement, the Court should grant the Government's motion. The Government, in the exercise of its prosecutorial discretion, is considering what tax charges to bring in another district and may elect to bring the same charges set forth in the instant information or different ones. As such, a waiver now is not and could not be knowing because the Defendant is unaware of what charges he would be waiving a venue challenge to.

The United States requested the Defendant's position on August 9, 2023 and asked for it by August 11, 2023. The Defendant responded and requested an extension of time until August 14, 2023, to provide his position, which the government declined. As of the time of this filing, the

Defendant has not yet provided his position.

Now that the parties are at an impasse, a trial is in order. Venue must be proper for each count of an indictment, and the "Government ultimately bears the burden of making that showing by a preponderance of the evidence." *United States v. Menendez*, 831 F.3d 155, 176 n.3 (3d Cir. 2016) (internal quotation marks and citations omitted)). In light of that requirement, and the important constitutional rights it embodies, the Government moves the Court to dismiss the information without prejudice so that it may bring tax charges in a district where venue lies.

                              Respectfully submitted,

                              DAVID C. WEISS
                              UNITED STATES ATTORNEY

BY: _____
      Leo J. Wise
      Derek E. Hines
      Special Assistant United States Attorneys

      Benjamin L. Wallace
      Assistant United States Attorney

Dated: August 11, 2023