IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v. ) <br> ) <br> ROBERT HUNTER BIDEN, ) <br> ) <br> Defendant. ) <br> ) | Criminal Action No. 23-mj-00274-MN <br> Criminal Action No. 23-cr-00061-MN |

**DEFENDANT'S RESPONSE TO THE UNITED STATES'
MOTION TO VACATE THE COURT'S BRIEFING ORDER**

Defendant Robert Hunter Biden, by and through undersigned counsel, respectfully submits this response to the United States' Motion to Vacate the Court's Briefing Order. (D.I. 30 in No. 23-mj-00274-MN); (D.I. 25 in No. 23-cr-00061-MN).

While counsel for the Defendant are still prepared to respond to the questions Your Honor posed at the July 26 hearing, in light of the United States' decision on Friday to renege on the previously agreed-upon Plea Agreement, we agree that those issues are moot at this point. Nevertheless, we wish to inform the Court of the following:

*First*, in May 2023, the Defendant, through counsel, accepted the prosecutors' invitation to engage in settlement discussions that the Defendant and counsel understood would fully resolve the Government's sprawling five-year investigation.

*Second*, as is customary in negotiated resolutions, prosecutors (and not the Defendant or his counsel) proposed and largely dictated the form and content of the Plea and Diversion Agreements. This is true with respect to the form in which the documents were presented to the Court (*i.e.*, as two separate and independent agreements), as well as the express language of

paragraph 15 of the Diversion Agreement (the so-called immunity provision). Throughout the settlement process the Defendant and his counsel negotiated fairly and in good faith with the prosecutors.

*Third*, consistent with their terms, the Defendant signed both agreements, was willing to waive certain rights, and to accept responsibility for his past mistakes. As was required as part of the Plea Agreement, he was prepared to plead guilty to the two misdemeanor tax charges in open court and he truthfully answered Your Honor's questions, including those regarding his understanding of the promises that had been made to him by the prosecutors in exchange for a guilty plea. The Defendant's understanding of the scope of immunity agreed to by the United States was and is based on the express written terms of the Diversion Agreement. His understanding of the scope of immunity agreed to by the United States is also corroborated by prosecutors' contemporaneous written and oral communications during the plea negotiations.

*Fourth*, the Defendant intends to abide by the terms of the Diversion Agreement that was executed at the July 26 hearing by the Defendant, his counsel, and the United States, and concurs with the statements the Government made during the July 26 hearing,[1] and which the Government then acknowledged in its filings agreeing to the public disclosure of the Plea and Diversion Agreements[2]—that the parties have a valid and binding bilateral Diversion Agreement.

---

[1] The Government stated in open court that the Diversion Agreement was a "bilateral agreement between the parties" that "stand[s] alone" from the Plea Agreement, and that it was "in effect" and "binding." (Hr'g Tr. 46:9–14) (Government: "Your Honor, I believe that this is a bilateral agreement between the parties that the parties view in their best interest."); *id*. at 91:6–8 (Government: "Your Honor, the Diversion Agreement is a contract between the parties so it's in effect until it's either breached or a determination [sic], period."); *id*. at 41:12–15 ("Your Honor, the United States['] position is that the agreements stand alone by their own terms … "); *id*. at 89:12–14 (Government: "[T]he statement by counsel is obviously as Your Honor acknowledged a modification of this provision, and that we believe is binding.").

[2] (D.I. 24 in No. 23-mj-00274-MN); (D.I. 20 in No. 23-cr-00061-MN) (stating that the Diversion Agreement was a "contract[] between the Government and a defendant" and that Government assented to public filing because "the Government and the Defendant expressly agreed that this diversion agreement would be public").

The Defendant and his counsel wish to thank the Court for its attention to this case.

Dated: August 13, 2023

Respectfully submitted,

/s/ Christopher J. Clark

CHRISTOPHER J. CLARK
Clark Smith Villazor LLP

ABBE DAVID LOWELL (*Entry of Appearance Sent*)
Winston & Strawn LLP

BRIAN C. MCMANUS
MATTHEW S. SALERNO
TIMOTHY H. MCCARTEN
Latham & Watkins LLP

RICHARD I.G. JONES, JR.
Berger Harris LLP

*Attorneys for Defendant Robert Hunter Biden*