IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal Action No. 23-mj-00274 (MN) |
| ROBERT HUNTER BIDEN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

At Wilmington, this 17th day of August 2023;

WHEREAS, Defendant has moved (D.I. 17) to seal Exhibits 2-6 of a proposed *amicus curiae* submission filed by The Honorable Jason Smith, Member of Congress and Chair of the U.S. House of Representatives Ways and Means Committee ("Representative Smith") (D.I. 7);

WHEREAS, Representative Smith opposes the motion to seal (D.I. 22);

WHEREAS, "there is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith" and the "strong presumption of openness does not permit the routine closing of judicial records to the public" (*In re Avandia Marketing, Sales Practices & Products Liability Litigation*, 924 F.3d 662, 672-73 (3d Cir. 2019) (cleaned up));

WHEREAS, a party seeking to overcome the presumption of access bears the burden of showing that his interest in secrecy outweighs the presumption, that the material is the type that courts will protect and that disclosure will work a clearly defined and serious injury (*id.*);

WHEREAS, to "overcome that strong presumption, the District Court must articulate 'the compelling, countervailing interests to be protected,' make 'specific findings on the record concerning the effects of disclosure,' and 'provide[] an opportunity for interested third parties to be heard'" (*id.* at 672-73 (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)));

WHEREAS, broad allegations of harm are not sufficient;

WHEREAS, Representative Smith has represented that the materials included in Exhibits 2-6 "are publicly available and have been for some time" and "will continue to be available to the public" (D.I. 22 at 9); and

WHEREAS, Defendant has failed to make any specific showing of harm and has failed to address the documents sought to be sealed on an individual basis.[1]

THEREFORE, IT IS HEREBY ORDERED that Defendant's motion to seal (D.I. 17) is DENIED.  The materials submitted by Representative Smith (D.I. 7) shall be unsealed in their entirety.

The Honorable Maryellen Noreika
United States District Judge

---

[1]    Before agreeing to seal documents, the district court must "'conduct[] a document-by-document review' of the contents of the challenged documents."  *In re Avandia*, 924 F.3d at 673 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 167 (3d Cir. 1993)).